IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| DARRYL STOKES, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF KALEB JERRELL STOKES, DECEASED, ET AL. | PLAINTIFFS |
| VS. CASE NO. 5:08CV00163 JMM | |
| 3J TRUCKING, INC. AND ROY LEE JORDAN | DEFENDANTS |
| JAMES A. WELLS AND VERONICA WELLS, INDIVIDUALLY AND AS CO-ADMINISTRATORS OF THE ESTATE OF LAKETRIA WELLS | CONSOLIDATED PLAINTIFFS |
| KEITH A. ALLEN, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF LAKIYAH WELLS, DECEASED | INTERVENOR PLAINTIFF |
| VS. | |
| 3J TRUCKING, INC., ET AL. | DEFENDANTS |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY | DEFENDANT |

**ORDER**

Pending before the Court is Universal Underwriters Insurance Company's ("Universal") Motion for Summary Judgment (#213) to which the plaintiffs have responded. For the reasons stated below the motion will be granted and Universal is excused from any responsibility to indemnify Roy Lee Jordan or 3J Trucking, Inc. for any damages awarded to the plaintiff.

This declaratory judgment action derived from an underlying tort lawsuit for wrongful death benefits. An automobile driven by Laketria Wells and occupied by her four children collided with a tractor-trailer rig operated by Roy Lee Jordan in Jefferson County, Arkansas, on July 14, 2007. As a result of the collision Leketria Wells and her four children were fatally injured. The tractor operated by Jordan was owned by 3J Trucking, Inc. ("3J"), and Jordan was acting in the course and scope of his employment with 3J at the time of the accident.

The trailer being towed by the tractor had been leased by 3J from H & P Leasing, Inc. ("H&P"). The lease agreement between these entities provided that 3J would obtain liability insurance on the vehicles. 3J obtained insurance with limits of $1,000,000.00 which has been paid into the registry of the Court for ultimate distribution to the wrongful death beneficiaries.

Plaintiffs seek a declaratory judgment that Universal should indemnify Jordan and 3J for damages resulting from the accident in which H&P's trailer was involved. Neither Jordan nor 3J were named as insureds in the Universal policy; rather, plaintiffs allege they were permissive users of a non-covered auto and entitled to coverage pursuant to a MCS-90 endorsement.[1]

Universal has denied coverage to Jordan and 3J on the grounds that (1) they are specifically excluded from coverage by an endorsement to the policy and (2) the policy did not contain a MCS-90 endorsement. Additionally, as a threshold matter Universal argues that any claim for indemnity is premature until the plaintiff's have obtained a judgment against Jordan or 3J.

Inasmuch as the Court finds the exclusory language of the policy to be clear and unambiguous and specifically excludes from coverage any person "covered by a policy purchased by or on behalf of the lessee or renter of an owned auto" it is not necessary to resolve the issues of standing or active case or controversy.

Each determination of coverage begins with the insuring agreement and proceeds through the definition and exclusions. All of the provisions of the policy should be read as a whole with the obligation on the Court in the first instance to determine if an ambiguity or inconsistency exists. If not, the Court will construe the policy as written to determine if coverage exists.

Starting with the insuring agreement the pertinent portions of the policy are:

> "**INSURING AGREEMENTS** - WE will pay:
>
> A. INJURY - all sums the <u>INSURED</u> legally must pay as DAMAGES

---

[1] Endorsement for Motor Carrier Policies of Insurance for Public Liability under Section 29 and 30 of the Motor Carrier Act of 1980

where insurable by law) because of INJURY to which this insurance applies, caused by an OCCURRENCE arising out of the ownership, maintenance, use, loading or unloading of an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO.

\*\*\*\*

WE have no right or duty to defend SUITS for DAMAGES not covered by this Coverage Part.

\*\*\*\*

"WHO IS AN INSURED - With respect to this Coverage Part:

\*\*\*\*

(2) under INSURING AGREEMENTS A and B:

\*\*\*\*

(b) any other person using an OWNED AUTO or TEMPORARY SUBSTITUTE AUTO within the scope of YOUR permission . . ..

\*\*\*\*

## ENDORSEMENT NO. 038
## AUTO LESSORS LIABILITY

When AUTO LESSORS LIABILITY is shown in the declarations, the insurance afforded by this Coverage Part is changed as follows, but only with respect to OWNED AUTOS as defined in this endorsement.

\*\*\*\*

The WHO IS NOT AN INSURED condition is replaced with:

> WHO IS NOT AN INSURED - None of the following is an INSURED:
>
> > Any INSURED covered by a policy purchased by or on behalf of the LESSEE covering OWNED AUTO, unless the limits of that policy have been exhausted."

\*\*\*\*

ENDORSEMENT NO. 609
CONTINGENT LIABILITY COVERAGE PART 900
UNICOVER V

\*\*\*\*

THESE CHANGES ARE MADE TO THE INSURANCE AFFORDED
BY ENDORSEMENT NO. 038 (AUTO LESSORS LIABILITY):

\*\*\*\*

THE WHO IS NOT AN INSURED CONDITION IS <u>REPLACED</u>
WITH:

WHO IS NOT AN INSURED - NONE OF THE FOLLOWING IS AN
\*INSURED:

>   ANY \*INSURED COVERED BY A POLICY
>   PURCHASED BY OR ON BEHALF OF THE
>   \*LESSEE OR \*RENTEE COVERING THE \*OWNED
>   \*AUTO.

(Ex. 3 to Universal's Motion for Summary Judgment and Addendum to Universal's Motion for Summary Judgment, pp. 54 [emphasis added], 56, and 99; Endorsement No. 609, p. 1-2 [emphasis added]).

This policy language read as whole is clear and unambiguous and excludes Jordan and 3J from being insured under the policy. It is undisputed that both were covered by a policy of insurance purchased by or on behalf of 3J as required by the lease agreement.

Plaintiffs argue that the Motor Carrier Act of 1980 mandates the inclusion in the policy of a MCS-90 endorsement which would have extended coverage to Jordan and 3J. Plaintiffs now concede that the MCS-90 endorsement was not included in the Universal policy. They argue instead that the Court should read the endorsement into the policy by implication because these endorsements are mandated by the Motor Carrier Act of 1980. Acknowledging that the purpose of the Act was to prevent motor carriers from avoiding financial responsibility for accidents by abusive use of borrowed or leased vehicles, the arrangement between 3J and H&P did not subvert this goal.

It was clearly the intent of 3J and H&P that 3J was to insure the tractor-trailer for its intended use and that Universal intended to exclude 3J and Jordan from indemnity in its policy. The arrangement

hinged on 3J obtaining a policy of liability insurance by which it established its financial responsibility for any accidents caused by it tractor-trailer. This arrangement accomplishes the statutory purpose of the Motor Carrier Act which makes it unnecessary to reform the Universal policy.

The cases cited by plaintiffs are distinguishable on the facts and do not support their contentions that H&P was a "motor carrier." Universal correctly points out in its reply brief that plaintiffs have offered no evidence that H&P exercised necessary control of the tractor-trailer rig involved in this accident. In the cases cited by plaintiffs, the MCS-90 endorsement was deemed to be mandated by the Court only when the owner of the trailer leased a tractor to transport its own goods and thus controlled the vehicle as a single unit.

The claims for declaratory relief as to Universal are denied and the complaint as to it dismissed.

The dismissal of the complaint against Universal renders the Pending Motion to Dismiss and Alternative Motion to Continue, and the pending Motion to Bifurcate Declaratory Judgment Action moot and, as such, they are dismissed without prejudice (#190 and #230).

Because the pending Motions for Partial Summary Judgment filed by Darryl Stokes and Keith Allen are premature, these motions are dismissed without prejudice to being re-filed (#201 and #211).

IT IS SO ORDERED THIS __14__ day of __January__, 2010.

James M. Moody
United States District Judge